UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
*Electronically Filed*

| | |
|---|---|
| **Brian Lebanion,**<br><br>Plaintiff,<br><br>v.<br><br>**Health Directions, Inc.,**<br>**Professional Home Health Care**<br>**Agency, Inc. & Joyce Lewis,**<br><br>Defendants. | **Case Number** |

## Complaint & Jury Demand

1. The Plaintiff, Brian Lebanion, sues Defendants, Health Directions, Inc. (HDI), Professional Home Health Care Agency, Inc. (PHHCA) and Joyce Lewis (Lewis) pursuant to the Family Medical Leave Act (FMLA). Additionally, Plaintiff sues Defendants HDI and PHHCA for discrimination in violation of the Kentucky Civil Rights Act (KCRA).

2. The Honorable Court has original jurisdiction over the FMLA counts pursuant to 29 U.S.C. § 2617(a)(2), and supplemental jurisdiction over the KCRA claim pursuant to 28 U.S.C. § 1367.

3. Venue is appropriate in London, Kentucky because Plaintiff worked for Defendants in Lexington and London, Kentucky.

4. Defendant HDI was Plaintiff's employer.

5. Defendant HDI's principal office is 1313 S Main St, London, Kentucky 40741.

6. Defendant PHHCA was Plaintiff's employer.

7. Defendant PHHCA's principal office is 1313 S Main St, London, Kentucky 40471.

8. In April 2020, Defendant PHHCA took a PPP loan in the amount of $485,500.00.

9. In March 2021, Defendant PHHCA took a PPP loan in the amount of $485,500.00.

10. Defendant Lewis was Plaintiff's employer.

11. Defendant Lewis hired Plaintiff.

12. Defendant Lewis directed Plaintiff's work.

13. Defendant Lewis took away job duties from Plaintiff.

14. Defendant Lewis controlled Plaintiff's pay.

15. Defendant Lewis is President, Director and Registered Agent of Defendant PHHCA.

16. Defendant Lewis is Secretary, Director and Registered Agent of Defendant HDI.

17. Defendant Lewis has committed to the Kentucky Secretary of State that she will be available for service of process at 1313 S Main St, London, Kentucky 40471 during normal business hours for Defendants HDI and PHHCA.

18. Defendants were Plaintiff's joint employer.

19. Defendants employed 50 or more employees within 75 miles of where Plaintiff worked.

20. Plaintiff worked for Defendant for approximately 26 years.

21. Plaintiff suffered from a serious medical condition.

22. Plaintiff was hospitalized from February 14, 2020 through February 19, 2020.

23. Plaintiff's hospitalization in February 2020 was an emergency.

24. Defendant Lewis was personally notified of Plaintiff's hospitalization on or about February 14, 2020.

25. As soon as Defendant Lewis learned that Plaintiff was hospitalized that knowledge was imputed upon Defendants HDI and PHHCA.

26. The 12 months preceding February 14, 2020, Plaintiff worked more than 1250 hours for Defendants.

27. Defendants did not notify Plaintiff of his FMLA rights within five business days of learning that Plaintiff had been hospitalized.

28. Defendants violated the FMLA.

29. Defendants acted in reckless disregard of the FMLA.

30. Defendants willfully violated the FMLA.

31. Defendants did not reinstate Plaintiff in accordance with the FMLA.

32. Defendants used in whole or in part Plaintiff's need of FMLA leave as basis to discriminate against him.

33. Plaintiff has a disability as defined by KRS 344.010(4).

34. Plaintiff was hospitalized because of disability.

35. Defendants acknowledged that they knew Plaintiff had a disability.

36. Plaintiff suffered an adverse employment action on February 24, 2020, which continued through the time he found a new job on or about September 27, 2021.

37. Plaintiff's employment came to an end with Defendants on or about May 14, 2021.

38. However, Defendants retaliated against Plaintiff from on or about February 24, 2020 through the end of his employment by mistreating him in their communications with Plaintiff, by removing him from the position of Secretary of PHHCA which reduced Plaintiff's compensation package by $750.00 per month.

39. Plaintiff was hospitalized for mental health reasons on February 14, 2020.

40. The given reason for Plaintiff's hospitalization was specifically provided to Defendants on the same day that he was hospitalized.

41. The reason is very personal and private, which is why it is not detailed in this complaint.

42. However, Defendant Lewis explicitly told Plaintiff that she was removing him from the position of Secretary of Defendant PHHCA

because of his mental health issue that led to a hospitalization and medical appointments.

## Count I – FMLA Interference against all Defendants

43. Plaintiff reincorporates paragraphs 1 through 42 as if fully stated herein.

44. Defendants did not advise Plaintiff of his FMLA rights.

45. Defendants had an obligation to reinstate Plaintiff in his position of Secretary of PHHCA when he returned to work on February 24, 2020.

46. Defendants did not restore Plaintiff to his position as Secretary of PHHCA.

47. Defendants reduced Plaintiff's pay by not restoring his employment fully.

48. Defendants acted in reckless disregard of the FMLA.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, liquidated damages, attorneys' fees, and costs.

**Count II – FMLA Retaliation against all Defendants**

49. Plaintiff reincorporates paragraphs 1 through 42 as if fully stated herein.

50. Defendants retaliated against Plaintiff for taking time off for his own hospitalization from February 14, 2020 through February 19, 2020.

51. Defendants' retaliation includes the removal of his job duties as Secretary of PHHCA.

52. Defendants' retaliation includes Defendant Lewis treating Plaintiff differently than she did prior to February 14, 2020, such as:

   a. Reducing Plaintiff's compensation;

   b. Demanding that Plaintiff report his activities to her on a regular basis;

   c. Criticizing Plaintiff's job performance;

   d. Questioning Plaintiff on routine matters that Defendants did not question prior to Plaintiff's February 2020 hospitalization; and

  e. Exhibiting angry words, looks, and communications towards Plaintiff from on or about February 24, 2020 through the conclusion of Plaintiff's employment.

53. Defendants willfully violated the FMLA.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, liquidated damages, attorneys' fees, and costs.

**Count III – KCRA Retaliation against Defendants HDI & PHHCA**

54. Plaintiff reincorporates paragraphs 1 through 42 as if fully stated herein.

55. Plaintiff has a disability.

56. Plaintiff requested an accommodation to his schedule from February 14th through 20th due to his disability.

57. Defendants HDI and PHHCA did not terminate Plaintiff for being in the hospital.

58. However, when Plaintiff returned Defendant Lewis speaking on behalf of all Defendants relayed to Plaintiff that his job duties were being taken away because she found him unable to do his work due to the record of his mental health, which she implicitly considered a disability.

59. Defendants' retaliation includes the removal of his job duties as Secretary of PHHCA.

60. Defendants' retaliation includes Defendant Lewis treating Plaintiff differently than she did prior to February 14, 2020, such as:

   a. Reducing Plaintiff's compensation;

   b. Demanding that Plaintiff report his activities to her on a regular basis;

   c. Criticizing Plaintiff's job performance;

   d. Questioning Plaintiff on routine matters that Defendants did not question prior to Plaintiff's February 2020 hospitalization; and

   e. Exhibiting angry words, looks, and communications towards Plaintiff from on or about February 24, 2020 through the conclusion of Plaintiff's employment.

61. Defendants HDI and PHHCA took actions to punish Plaintiff for disclosing that he had a disability as defined by the KCRA.

62. Plaintiff sues Defendants HDI and PHHCA pursuant to the KCRA.

Wherefore, Plaintiff demands trial by jury, compensatory damages, punitive damages, attorneys' fees and costs.

Respectfully submitted this 21st day of February 2022.

                                                /s/ *Bernard R. Mazaheri*
                                                Bernard R. Mazaheri
                                                Christina Thomas Mazaheri
                                                Mazaheri & Mazaheri
                                                P.O. Box 656
                                                Frankfort, Kentucky 40602
                                                Tel – (502) 475-8201
                                                Email – bernie@thelaborfirm.com
                                                        christina@thelaborfirm.com